JOSEPH NAYLOR, Appellant *v.* HENRY NAYLOR,
Respondent.

*Reference — power of a referee to punish for a contempt — when he may make the
order to show cause returnable before the court — duty of the court when the order
is so made — Code of Civil Procedure, secs.* 2269, 2272.

Appeal from an order made at a Special Term, denying the
plaintiff's motion to punish the defendant for a contempt in refusing
to obey the order and direction of the referee to whom the whole
issues in this action were referred, which order of the referee
required the defendant to make and file an account.

This action was brought by one partner against his copartner for
an accounting. All the issues were referred by consent. The
plaintiff's attorney moved upon the pleadings and the referee's
minutes for an order that the defendant account, which motion was
granted. The referee thereupon directed the defendant to file an
account of the partnership transactions from a date named, which
was the date of a settlement conceded by both parties. The
defendant refused to file the account, whereupon the plaintiff's
attorney obtained from the referee an order requiring the defendant
to show cause, returnable before this court, why he should not be
punished for contempt. The court denied the motion upon the
ground that the referee had power to proceed in the premises
From this order the plaintiff appealed.

The court at General Term said: " The learned justice in the
court below said he thought this was a case in which the referee
should determine whether the defendant had been guilty of a con-
tempt; that he was appointed to hear and determine all the issues,
and under section 1018 of the Code, he appeared to possess power
to punish for the alleged contempt. The learned justice must
therefore be regarded as having declined to pass upon the merits
of the motion, and having denied it upon the ground that the sub-
ject was within the jurisdiction of the referee and should have
been disposed of by him. The learned counsel of the parties have
argued many questions on the briefs to which some reference will
be made, although it is not considered indispensably necessary to
consider them all in disposing of this appeal.

"The sections of the Code under which the proceedings to punish for contempt were instituted, assuming that they confer upon the referee power for that purpose, give concurrent jurisdiction to the court. It is provided by section 2272 that an order to show cause may be made as prescribed in section 2269 by a referee appointed by the court, where the offense is committed on the trial of an issue referred to him, or consists of witnesses non-attendance, or refusal to be sworn or to' testify before him, and the order or warrant may, in the discretion of the referee, be made returnable before him or before the court. If it is made returnable before him, he has all the power and authority of the court with respect to the motion or special proceeding instituted thereby. It is thus expressly provided for by the section just mentioned. If the order is returnable before the court, of course the court has all the authority necessary to proceed in the premises. Section 2269 provides that the court or judge authorized to punish for the offense, *i. e.*, for a contempt of court, may proceed in the manner directed by that section. (See, also, bearing upon the subject, sections 2266 and 2267.)

"It is quite apparent from an examination of these sections that it was the duty of the learned justice sitting in the court below to have considered and passed upon the alleged contempt of the defendant, which he has failed to do. *Non constat* if he had heard the application upon the merits he would have denied the motion or made some conditional order which would have been satisfactory to the parties. Having failed to do it, it becomes necessary to reverse the order denying the motion. No final disposition was made of the motion except that it was denied, and apparently for the reason that the referee himself should have disposed of it upon its merits. The practice adopted by this court in such cases is to send the case back for a further hearing. Therefore the order in this case must be reversed to accomplish that object, and the proceeding sent back to the court at Special Term to be disposed of there." * * *

*Luke A. Lockwood*, for the appellant.

*Charles E. Crowell*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, application remanded to the Special Term.